IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN WEIKEL, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 18-4474 |
| PYRAMID HEALTHCARE, INC., | : | |
| Defendant. | : | |

FILED
DEC 27 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                            DECEMBER 27, 2019

Plaintiff Susan Weikel ("Weikel") brings this action against Defendant Pyramid Healthcare, Inc. ("Pyramid") alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq* and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§, *et seq*.

Presently before the Court is Pyramid's Motion for Summary Judgment. Weikel filed a Response in Opposition and Pyramid filed a Reply Brief in Further Support. For the reasons noted below, Pyramid's Motion is granted.

### I. BACKGROUND

Weikel began working at Pyramid in or around October 2012. (Compl. ¶ 11.) Sometime in or around February 2014, Weikel reported to work under the influence of alcohol and was found to be in possession of alcohol on Pyramid's premises. (Def.'s Br. in Supp. Mot. Summ. J. 1.) This incident alerted Pyramid that Weikel suffered from alcoholism. (Pl.'s Mem. Law in Opp'n 3.) Shortly after the 2014 incident, Weikel entered into a Last Chance Agreement with Pyramid, which required her to seek treatment for her alcoholism and provided her with

notice that any further violation of the drug and alcohol policy would result in her termination. (*Id.*)

Thereafter, Weikel's employment was relatively uneventful for the next few years. (Def.'s Br. in Supp. Mot. Summ. J. 1.) However, in November 2016, Weikel suffered a relapse. (Pl.'s Mem. Law in Opp'n 3.) Specifically, on Friday, November 11, 2016, Weikel called her immediate supervisor, Brenda Noel ("Noel"), to report that she would not be at work that day due to a stomach virus. (Def.'s Br. in Supp. Mot. Summ. J. 1.) Then, the following Monday, November 14, 2016, Weikel sent multiple text messages to Noel stating that she would not be at work because she had been in a car accident. (*Id.* at 2.) Pyramid then learned, on Tuesday, November 15, 2016, through Weikel's ex-boyfriend and family members, that Weikel had relapsed and was being transported to the hospital as she had been on a several-day drinking binge. (*Id.*; Pl.'s Mem. Law in Opp'n 4.)

Following her discharge from the hospital, Weikel informed Pyramid in a statement that she would be checking into an in-patient treatment facility to begin rehabilitation. (Pl.'s Mem. Law in Opp'n 5.) Weikel also admitted that her absences on November 11 and 14, 2016 were due to alcohol use and that she had lied to Noel. (*Id.*; Def.'s Br. in Supp. Mot. Summ. J. 2.) Pyramid decided to terminate Weikel due to her breach of Pyramid's Disciplinary Review Process Policy for lying to her supervisor, as well as her violation of the 2014 Last Chance Agreement. (Def.'s Br. in Supp. Mot. Summ. J. 2.)

Weikel exhausted her administrative remedies and received a Notice of Right to Sue from the EEOC on July 24, 2018. (Compl. ¶¶ 4–5.) She then filed suit in this Court on October 18, 2018, alleging ADA and FMLA violations in Counts I and II, respectively. Pyramid now moves for summary judgment.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) states that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court asks "whether the evidence presents a sufficient disagreement to require submission to the jury or whether . . . one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 251-52 (1986). The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A fact is material if it could affect the outcome of the suit after applying the substantive law. Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'" *Compton v Nat'l League of Prof'l Baseball Clubs*, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998) (quoting Liberty Lobby, 477 U.S. at 255).

Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that presents "specific facts showing that there is a genuine issue for trial." *See Big Apple BMW, Inc. v BMW of N Am, Inc.*, 974 F.2d 1358, 1362-63 (3d Cir. 1992). "More than a mere scintilla of evidence in its favor" must be presented by the non-moving party in order to overcome a summary judgment motion. *Tziatzios v United States*, 164 F.R.D. 410, 411-12 (E.D. Pa. 1996). If the court

determines there are no genuine disputes of material fact, then summary judgment will be granted. *Celotex*, 477 U.S. at 322.

## IV. DISCUSSION

### A. Weikel's ADA Claims in Count I Fail

Weikel brings three violations of the ADA. First, she alleges that Pyramid discriminated against her because of her alcoholism, which is a recognized disability. Second, she argues that Pyramid failed to provide available, reasonable accommodations for her disability. Third, she claims that Pyramid retaliated against her because she engaged in protected activity under the ADA. We address these assertions in this order.

#### 1. *Weikel's Disability Discrimination Claim Fails*

ADA discrimination cases are analyzed under the well-known, burden-shifting framework detailed in *McDonnel Douglas Corp. v Green*, 411 U.S. 792 (1973). "In order to make out a prima facie case of disability discrimination under the ADA, [the plaintiff] must establish that she (1) has a 'disability,' (2) is a 'qualified individual,' and (3) has suffered an adverse employment action because of that disability." *Turner v. Hershey Chocolate U S.*, 440 F.3d 604, 611 (3d Cir. 2006); *see also Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998). If successful, the burden shifts to the employer to articulate some legitimate, non-discriminatory reason for its decision. *See McDonnell Douglas*, 411 U.S. at 802. The burden then shifts back to the plaintiff to show that the employer's stated reason for termination was merely a pretext for unlawful discrimination. *See id.*

Pyramid does not dispute that Weikel's alcoholism is a protected disability under the ADA and that Weikel was otherwise qualified for her position. (Def.'s Br. in Supp. Mot. Summ. J. 5.) However, Pyramid argues that while Weikel's status as an alcoholic is protected, the ADA

4

does not shield her from the current use of alcohol and any related consequences. *See Salley v. Circuit City Stores, Inc.*, 160 F.3d 977, 980 n.2 (3d Cir. 1998) ("[T]he ADA ensures that current use, even if it is a natural consequence of an addiction disability, may be grounds for termination under the ADA."); *Mararri v. WCI Steel, Inc.*, 130 F.3d 1180, 1182 (6th Cir. 1997) (citing *Maddox v. Univ of Tenn.*, 62 F.3d 843 (6th Cir. 1995)) (finding it appropriate to distinguish between a discharge on the basis of misconduct and a discharge on the basis of a disability, such as alcoholism).

Pyramid argues that Weikel was terminated because she lied to her supervisor, Noel, about her absences on November 11 and 14, 2016. (Def.'s Br. in Supp. Mot. Summ. J. 6–7.) These lies, which are not disputed by Weikel, are in violation of Pyramid's Disciplinary Review Process Policy and Weikel's Last Chance Agreement, thus Pyramid contends that it is not illegal to terminate Weikel's employment.[1] (*Id.*)

Contrarily, in her attempt to establish a prima facie case and that Pyramid's proffered reason for termination was pretextual, Weikel makes a myriad of half-arguments. Recounting them briefly, she states that: (1) Pyramid's own termination letter shows that Pyramid terminated her for relapsing and her history of alcoholism, (Pl.'s Mem. Law in Opp'n 10); (2) Pyramid cites inapposite caselaw because its cited cases concern employees that were intoxicated while at

---

[1] At various points in her briefing, Weikel attempts to dispute the fact that she lied to Noel. (Pl.'s Mem. Law in Opp'n 11, 20, 24.) However, during Weikel's deposition, she stated that she had no recollection of contacting Noel on either November 11 or 14, 2016. (Def.'s Mot. Summ J., Ex. A , Weikel Deposition, 21.18 -21:24; 22 3–7.) She continued to admit that if she had informed Noel that she had a stomach flu or was involved in or witnessed a car accident, it "would have been not accurate." (*Id* at 33 18–34.3 ) Clearly, providing inaccurate statements to your supervisor is considered "lying."

Weikel disputes the allegations that she lied "based on no less than [Pyramid's] own characterization of [Weikel's] messages as merely 'bizarre' and 'not coherent '" (Pl 's Mem Law in Opp'n 24.) We find this argument meritless, because lying is lying, regardless of whether the person lying is actually good at lying. Therefore, based on her own admission above, it is undisputed that Weikel lied to Noel.

5

work, (*Id.* at 11.); and (3) "lying and absenteeism due to alcohol abuse" are not conditions that appear in Weikel's Last Chance Agreement, (*Id* at 12.).

These arguments are unconvincing. First, the termination letter, as quoted by Weikel, states:

> [T]he company has been investigating an incident concerning a violation of the company's Disciplinary Review Process Policy in that you were absent from work for four consecutive days **because of a relapse of alcohol abuse. You were previously rehabilitated by the company for a similar alcohol abuse problem previously.**
>
> As a result of our investigation into this incident, the company has determined that, **based on your own admission of relapsing**, you have violated the company's Disciplinary Review Process Policy.

(Pl.'s Ex. E., Termination Letter (emphasis added by Weikel).)

Though not included by Weikel, the termination letter indicates that Weikel was placed on disciplinary suspension on November 16, 2016, the day after Pyramid was informed that Weikel had missed work because she had suffered a relapse, instead of the false reasons she had initially given. (Termination Letter.) This is all consistent with Pyramid's argument that it terminated Weikel because she had lied. The termination letter specifically says that Weikel violated the Disciplinary Review Process Policy "based on [her] *own admission* of relapsing," not *because* she relapsed. Clearly, Pyramid had found out, from others, as well as Weikel, that she had lied about the reasons for missing work and, thus, violated the Disciplinary Review Process Policy. Therefore, we find Weikel's argument concerning the termination letter to be wrong.

Weikel's second argument that Pyramid's cited caselaw is inapplicable is also incorrect. In particular, Weikel attempts to draw factual distinctions between the present case and *Mararri*, *Salley*, and *Vannoy v. FRB of Richmond*, 827 F.3d 296 (4th Cir. 2016). In *Mararri*, an employee

6

was terminated following a failed a drug and alcohol test that was mandated under his previous last chance agreement. 130 F.3d at 1181. In *Salley*, the employee reported to work under the influence of drugs and proceeded to do drugs with a subordinate. 160 F.3d at 981. In *Vannoy*, an employee was terminated for failing to cooperate with a performance improvement plan after disappearing for several days. 827 F.3d at 300.

It's unclear why Weikel finds these factual differences pertinent. The common core of these cases states that an employee's status as an alcoholic is not a shield against her conduct, even conduct attributed to alcoholism, that violates the policies of the employer or a last chance agreement. *See Vannoy*, 827 F.3d at 305 ("[T]he ADA does not require an employer to simply ignore an employee's blatant and persistent miscoundct, even where the behavior is potentially tied to a medical condition."); *Salley*, 160 F.3d at 981 ("The holding that drug-related misconduct is a legitimate, non-discriminatory reason for termination is supported by [the ADA], under which an employer may hold an alcoholic or drug-dependent employee 'to the same qualification standards for employment or job performance and behavior that such entity holds other employees, even if any unsatisfactory performance or behavior is related to the drug use or alcoholism of such employee.'"); *Mararri*, 130 F.3d at 1182 ("[W]hile the ADA 'protects an individual's status as an alcoholic,' merely being an alcoholic does not insulate one from the consequences of one's actions."). Clearly, the specific factual background of the cases cited by Pyramid are immaterial. What is material, however, is that Pyramid was well within the legal structure of the ADA to terminate Weikel for lying, as this conduct is not protected under the ADA.

Finally, Weikel argues that "lying and absenteeism due to alcohol abuse" are not prohibited by the Last Chance Agreement. (Pl.'s Mem. Law in Opp'n 10.) While we find this

7

argument to be particularly ridiculous, we note that Last Chance Agreement contains four provisions, including that "[t]he company will not tolerate any further violations of its drug and alcohol policy by [Weikel]" and "[f]urther violation of company policies will result in immediate termination." (Pl.'s Ex. F, Last Chance Agreement ¶¶ 1, 4.) Weikel has already admitted to lying to her supervisors in violation of the Disciplinary Review Process Policy, therefore she has violated the terms of the Last Chance Agreement.

For these reasons, we find that Weikel cannot establish a prima facie case for disability discrimination under the ADA. There is no genuine dispute of material fact that she was terminated because for her conduct in violation of company policy, not because of her disability. Weikel lied about her absences and was terminated for such conduct. Accordingly, summary judgment is granted as to Weikel's disability discrimination claim.

### 2. *Weikel Fails to Assert any Reasonable Accommodation that Pyramid Failed to Provide*

Next, Weikel claims that Pyramid failed to provide her with a reasonable accommodation. as required under the ADA. In order to succeed on such a claim, a plaintiff must establish that the employer knew about the plaintiff's disability; that the plaintiff requested an accommodation; that the employer did not make a good faith effort to provide such accommodation; and that the plaintiff could have been reasonably accommodated but for the employer's bad faith. *See Colwell v. Rite Aide Corp.*, 602 F.3d 495, 504 (3d Cir. 1010).

Pyramid moves for summary judgment on this claim because Weikel fails to establish the first and fourth requirement. Specifically, Weikel failed to request a reasonable accommodation and Pyramid previously attempted to provide an accommodation to her. (Def.'s Br. in Supp. Mot. Summ. J. 9.)

8

Weikel asserts that, prior to her termination, she requested leave to seek treatment for alcoholism. (Pl.'s Mem. Law in Opp'n 17.) However, this is wholly inconsistent with her actions on November 11 and 14, 2016, when she lied to her supervisors about the reasons for her absences. While it is commendable that she sought treatment after relapsing, it does not excuse her prior conduct.

Furthermore, Pyramid did make a good faith effort to accommodate Weikel. Upon learning of Weikel's alcoholism in 2014, Pyramid offered her the Last Chance Agreement, instead of terminating her for showing up to work under the influence. A last chance agreement is often an accommodation provided by employers. *See Mararri*, 130 F.3d at 1183 (citing *Schmidt v. Safeway, Inc.*, 863 F. Supp. 991 (D. Or. 1994)).

Finally, it is unclear what accommodation Weikel believes would excuse her lying to her supervisors, but employers need not provide an accommodation that "would impose a wholly impractical obligation" on the employer or that depend on an "infinite number of variables" out of the employer's control. *See Gaul v. Lucent Techs, Inc.*, 134 F.3d 576, 582 (3d Cir. 1998). Clearly, allowing an employee to lie about their whereabouts in order to hide the fact that they were under the influence of alcohol would be an undue hardship on an employer and does not qualify as a reasonable accommodation. *See* 42 U.S.C. § 12112(b)(5)(A); *see also Turner v. Hershey Chocolate U.S.*, 440 F.3d 604, 614 (3d Cir. 2006) (finding employers are not required to provide a reasonable accommodation that "would impose an undue hardship on the operation of the business of the [employer].")

Accordingly, summary judgment is granted as to Weikel's failure to accommodate claim.

### 3. *Weikel was not Subject to Retaliation by Pyramid*

In her final ADA claim, Weikel alleges that Pyramid retaliated against her for requesting leave to seek treatment for her alcoholism on November 15, 2016. (Pl.'s Mem. Law in Opp'n 18.) In order to state a prima facie claim of relation under the ADA, a plaintiff must show: (1) that they engaged in a protected employee activity; (2) that an adverse employment action by the employer was taken either after or contemporaneous with the employee's alleged protected activity; and (3) that a causal connection between the protected activity and the adverse employment action.

This claim fails for the same reasons described in Sections (A)(1) and (A)(2). While Weikel's termination occurred in close proximity to her implicit request for leave, it is because it was that same "implicit request" that alerted Pyramid to the fact that she had lied to her supervisor, Noel. As we noted above, Weikel was terminated because she lied. Although Weikel argues that the temporal proximity between her implicit request for leave is so close as to show pretext, we note that her deceitful conduct was within the same time period. It is the employee's burden to prove that the employer's proffered explanation is false, and that retaliation was the real reason or the adverse employment action. *See Griffin v. Municipality of Kingston*, No. 08-2290, 2011 WL 718696, *5 (M.D. Pa. Feb. 22, 2011). Weikel fails to do so here.

Accordingly, for these reasons, we find that summary judgment is appropriate as to Weikel's ADA retaliation claim. Therefore, Summary judgment is granted as to Count I.

### B. Weikel's FMLA Claims in Count II Fail

Next, Weikel brings two claims of FMLA violations in Count II. She asserts that Pyramid interfered with her FMLA rights by failing to notify her that her two absences were

FMLA-qualifying and that Pyramid terminated her in retaliation for her FMLA request. (Compl. ¶ 43.) We address these claims in that order.

### 1. *Pyramid did not Interfere with Weikel's FMLA Rights*

To state a claim for interference under the FMLA, an employee must show that: (1) she was eligible for FMLA; (2) the employer was subject to the FMLA's requirements; (3) the employee was entitled to FMLA leave; (4) the employee gave notice to the employer of her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which she was entitled under the FMLA. *See Ross v Gilhuly*, 755 F.3d 185 (3d Cir. 2014). The plaintiff must also demonstrate that the denial of benefits resulted in prejudice to the employee. *See Lichtensten v Univ. of Pitt. Med. Ctr.*, 691 F.3d 294 (3d Cir. 2012).

Here, Weikel contends that her FMLA interference claim is valid because she was eligible for FMLA leave due to her alcoholism, she implicitly invoked her right to leave, and she was undisputedly terminated before she could commence the leave. (Pl.'s Mem. Law in Opp'n 24.) However, and similarly to our analysis of Weikel's ADA claims, "the FMLA does not prevent an employer from terminating an employee for poor performance, misconduct, or insubordinate behavior." *Vannoy*, 827 F.3d at 305; *see also Throneberry v McGehee Desha Cnty Hosp.*, 403 F.3d 972, 978 (8th Cir. 2005) ("[T]he FMLA's plain language and structure dictates that, if an employer were authorized to discharge an employee if the employee were not on FMLA leave, the FMLA does not shield an employee on FMLA leave from the same, lawful discharge.").

Moreover, as with her ADA claims, Weikel's underlying argument to support her FMLA claim is again that she was terminated because she requested FMLA leave due to her alcoholism, instead of the fact that she lied to her supervisor about her absences. As we established above,

11

Pyramid was within its rights to terminate Weikel for lying about the reasons for her absences. *See id.* at 979 ("As long as an employer can show a lawful reasons, *i.e.*, a reason unrelated to an employee's exercise of FMLA rights . . . , the employer will be justified to interfere with an employee's FMLA leave rights.").

Importantly, because Weikel was terminated because of conduct wholly unrelated to her FMLA leave, she cannot show that she was unduly prejudiced by being denied the opportunity to take FMLA leave. *See Lichtenstein*, 691 F.3d at 294; *see also Reagan v. Centre LifeLink Emergency Med. Servs , Inc.*, 774 F. App'x 82, 85 (3d Cir. 2019) ("[A]n employer who shows that it terminated an employee for reasons unrelated to the exercise of her FMLA rights can defeat a claim of FMLA interference.").

For these reasons, summary judgment is granted with respect to Weikel's FMLA interference claim.

### 2. *Pyramid did not Retaliate against Weikel for 'Implicitly Requesting' FMLA Leave*

Finally, a claim for retaliation under the FMLA may be brought under either a "pretext theory," governed by the burden-shifting framework of *McDonnell Douglas*, where a plaintiff must first show that they "engaged in protected activity, that the employer took adverse action against him, and that the adverse action was causally connected to the plaintiff's protected activity." *See Vannoy*, 827 F.3d at 304 (quoting *Yashenko v. Harra's NC Casino Co., LLC*, 446 F.3d 541, 551 (4th Cir. 2006)). If the plaintiff can satisfy this burden, the employer may offer a non-retaliatory reason for the adverse action. *See id.* Then, the plaintiff "bears the burden of establishing that the employer's proffered explanation is pretext for FMLA retaliation." *See id.*

Additionally, "claims based on direct evidence have been assessed under the mixed-motive framework set forth in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 276–77 (1989)."

*Lichtenstein*, 691 F.3d at 302 (citing *Conoshenti v. Pub Serv Elec. & Gas Co.*, 364 F.3d 135, 147 (3d Cir. 2004)). If a plaintiff provides direct evidence, it is the employer's burden "[t]o convince the trier of fact that it is more likely than not that the decision would have been the same absent consideration of the illegitimate factor." *See Conoshenti*, 364 F.3d at 147 (quoting *Price Waterhouse*, 490 U.S. at 276-77).

Weikel's FMLA retaliation claim fails under either theory. Under the burden-shifting framework, there is no causal connection between Weikel's implicit request for FMLA leave and her termination. Weikel was terminated for lying about her absences to her supervisor. Her request for FMLA leave, while commendable, cannot save her from her misconduct. *See Vannoy*, 827 F.3d at 304-05. Likewise, under a mixed-motive analysis, not only has Weikel failed to point to any direct evidence that she was terminated for requesting FMLA leave, but it is abundantly clear that Pyramid would have terminated her employment because she lied to her supervisor.

For these reasons, summary judgment is granted as to Weikel's FMLA retaliation claim. According, summary judgment is granted with respect to Count II.

## IV. CONCLUSION

For the reasons stated above, Pyramid's Motion for Summary Judgment is granted with respect to Weikel's claims of ADA discrimination and retaliation, as well as, FMLA interference and retaliation. Accordingly, this case is now closed.

An appropriate Order follows.